<div style="margin-note">Addison,
January,
1826.</div>

NATHAN HOAG and SWEAT G. DOW, defendants below, *vs.* EBENEZER DURFEY, plaintiff below.—*IN ERROR.*

Parol proof cannot be admitted to contradict the record of a town clerk.

A town clerk may correct an error which he has made in his record, so that it be according to the truth.

An act of the court, which is not judicial, although requested by a party on trial, is not the subject of error.

The original action in favour of Durfey against Hoag and Dowe, was for an *Assault and Battery.*

The defendants justified under the authority of *Hoag*, as constable of the town of *Lincoln.*

It appeared, on the trial below, that the town clerk who recorded the proceedings of the town meeting at which *Hoag* was elected constable, made a mistake in the record of the *warning* of that meeting, and inserted "19th," instead of "29th," by which, on the record, it would appear that there was not twelve days notice.   A witness was offered to prove, that the original warning stated the 29th instead of 19th; and also, the clerk who made the record, was produced in Court, and a request made that he might correct his record, and make it consistent with truth.   The Court rejected the witness, and refused to allow the clerk to correct the record.

Judgment for the plaintiff below, and error thereon.

The rejection of the testimony offered, and the refusal of the Court to instruct the town clerk to correct his record, agreeably to the truth, were the errors assigned.

The opinion of the Court was delivered by

*Addison, January, 1826.*

*Durfey* vs. *Hoag et al.*

SKINNER, Ch. J. It is a settled principle of law, that record evidence cannot be contradicted by parol proof; but it is insisted that a *mistake* in a record may be corrected by such testimony, and that the evidence of the mistake in this case was improperly rejected. The record states the warning of the meeting to have been on the 17th, and the meeting to have been holden on the 19th January. Surely if there was a mistake in this record, (which was undoubtedly the case,) the evidence offered would stand directly opposed to the record, and is nothing short of contradicting it, and substituting parol for record testimony. It is also insisted that the court erred in refusing to permit the alteration to be made by the town clerk. It was the duty of the clerk to have made the record according to the truth—he would, therefore, have been justified in making the correction, and the court, in refusing their assent, advised improperly, though probably they considered prudently; but the act of the court was not judicial, and is not the subject of error. The clerk could not be justified or protected by the opinion of the court, in making an improper alteration. But that which is proper, he has a right to make, the opinion of the court notwithstanding.

The judgment, therefore, must be affirmed.

*Jos. C. Bradley* and *R. B. Bates*, for the plaintiffs in error.

*Samuel H. Holley* and *H. Needham*, for the defendant in error.